# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 5352 | **DATE** | 9/13/2011 |
| **CASE TITLE** | John Wiltgen vs. Webb et al | | |

**DOCKET ENTRY TEXT**

For these reasons, the defendants' Motion for a Stay is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiffs John R. Wiltgen, James Mercier, Jeffrey Meyer, John Hoban, Sr., and John Hoban, Jr., filed suit against InfrAegis, Inc. and Gregory Webb, CEO of InfrAegis, for violations of the Securities Exchange Act of 1934 and the Illinois Securities Act, as well as for common law fraud. (Doc. 1.)  Defendants filed this motion to stay the civil proceeding claiming they have received notice of a Federal Grand Jury Subpoena, are currently being investigated by the Securities and Exchange Commission, and have consulted with the United States Attorney's office and the Federal Bureau of Investigation, all in connection with the allegations for which plaintiffs seek relief.  (Doc. 53; Doc. 58; Doc. 58-1.)

     The parties agree that this Court maintains substantial discretion to control its docket, including in deciding whether to grant a stay.  *See, e.g., Cruz v. County of Du Page*, No. 96 C 7171, 1997 WL 370194, at *1 (N.D. Ill. June 27, 1997).  A stay of a civil action may be appropriate and warranted where parallel criminal proceedings and civil proceedings are contemporaneously underway.  *Id.*  Courts address several factors when considering whether to stay a civil matter due to pending criminal proceedings.  *Id.* at *2.  These include: the similarity of the subject matter between the civil action and the criminal action; whether the party bringing both actions is the government; the procedural posture of the criminal proceedings; the potential effect of a stay on the public interests at stake in the litigation; the interest of the plaintiffs to a fair and timely process and the potential prejudice to the plaintiffs from delay; and, the burdens that the proceedings may impose on the defendants.  *See, e.g., FTC v. Pacific First Benefit, LLC,* 361 F. Supp. 2d 751, 756 (N.D. Ill. March 18, 2005) ("these [six] factors are commonly used by district courts in the Northern District of Illinois, as well as other districts.") (collecting cases); *see also*, *Board of Trustees of Ironworkers Local No. 498 Pension Fund v. Nationwide Like Ins. Co.*, No. 04 C 821, 2005 WL 711977, at *9 (N.D. Ill. March 28, 2005) (quoting *Cruz,* 1997 WL 370194, at *2).

     Here, where there has been no indictment, the argument to stay civil proceedings is greatly diminished.  *See FTC*, 361 F. Supp. 2d at 755-756.  Indeed, courts routinely require that an indictment be issued before they will grant a stay.  *See, e.g., Cruz*, 1997 WL 370194, at *3 ("In the cases in which a motion to stay has been denied, there has usually only been a threat of indictment of the civil litigants."); *see also*, *Bank of America v.*

# STATEMENT

*Veluchamy*, No. 09 C 5109, 2010 WL 1693108, at *4 (N.D. Ill. April 26, 2010). The lack of any concurrent criminal action can be nearly dispositive in determining whether to stay a civil matter. *Id.* At this time no indictments have been issued against any of the defendants; there is no concurrent criminal action. Defendants have received a federal grand jury subpoena, but whether they will be indicted is, at this point, speculative. The defendants argue that in addition to the action taken by the United States Attorney's office and the Department of Justice, the SEC and the FBI are investigating them. To date, the SEC has issued a "Wells Notice" to the defendants, which invites them to explain why the agency should decline to make an enforcement recommendation to the Commissioner. Whatever investigations are underway, the Court has not been directed to any evidence that they will ripen into criminal actions anytime soon. It is also worth noting that the aforementioned investigatory bodies each enjoy their own degrees of discretion and must move against the defendants only in time to comply with any relevant statutes of limitations–if they decide to move at all. (For example, the SEC has five years to bring an action for penalties due to securities fraud under the Securities Exchange Act of 1934, a limitation which itself may be subject to equitable tolling. *See* 28 U.S.C. 2462. No limitations period exists under the Act for remedies such as disgorgement, injunctions, or officer bars.). Because no indictments have been issued against any of the defendants, the scale weighs heavily against them on this factor.

As to the next factor, where both the civil action and the criminal action are brought by the government, a stay of concurrent litigation is more appropriate. *See Bank of America*, 2010 WL 1693108, at *5. This safeguards defendants from the possible abuse of process that might arise if the government tried to use civil discovery to unearth evidence and information to use in its criminal case. Here, the government is involved only to the limited extent outlined above. If the government is investigating the defendants to the degree that they claim, then surely the government is well aware of this case. Not having initiated this case, and having declined to intervene in it, the prudential concern over abuse of process also weighs against granting a stay.

Next, the Court considers the burdens that the proceedings may impose on the defendants. Defendants contend that they have important constitutional rights, specifically those under the Fifth Amendment, which will be burdened unless this Court grants them a stay. The Fifth Amendment provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Though the Amendment mentions only criminal cases, the right against self-incrimination may be raised in civil proceedings. *See Kastigar v. United States*, 406 U.S. 441, 444 (1972). The right extends not only "to answers that would in themselves support a conviction . . . but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute a claimant." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The Fifth Amendment's protection, however, "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer . . . the witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself." *Id.*; *see also Ohio v. Reiner*, 532 U.S. 17, 21 (2001). When the Fifth Amendment is invoked as grounds to stay a civil action it is "generally [] viewed as premature when no indictment has been issued." *See, e.g., Square D Company v. Showmen Supplies, Inc.,* No. 06 C 426, 2007 WL 1430723, at *3 (N.D. Ind. May 14, 2007) (citing *U.S. ex rel. Shank v. Lewis Enterprises, Inc.,* No. 04 C 4105, 2006 WL 1064072, at *3 (S.D. Ill. April 21, 2006)) and *FTC*, 361 F. Supp. 2d at 755-756). The defendants argue that they must choose between either asserting their Fifth Amendment rights or vigorously defending themselves in this case. However, the defendants have made no showing to this Court as to why they cannot participate in this action without invoking their Fifth Amendment rights. Instead, defendants simply assert and conclude that they cannot do so. Defendants cannot use the Fifth Amendment in such a blanket fashion to obtain a stay of this civil action. The Court sees no reason why the defendants cannot participate in this case while also selectively invoking their Fifth Amendment right against self-incrimination to specific questions during discovery if necessary. In any event, no criminal action against the defendants is currently underway and the criminal proceedings that the defendants anticipate are speculative in nature, scope and timing. At this stage of the litigation the issue of the defendants' constitutional rights is mere conjecture, and not ripe to support a stay.

## STATEMENT

In addition to the burden that would be placed on the defendants by denying the stay, this Court must also consider the interest of the plaintiffs to a fair and timely process as well as the burden that would be placed on them were the stay to be granted. As stated before, no criminal case against the defendants has been brought and any criminal process now taking place is speculative. This is particularly and acutely relevant with respect to the timing of any future criminal action. Criminal proceedings may be brought against the defendants or they may not. Plaintiffs have a right to seek redress for their alleged harms committed by the defendants. This includes the right to a process that is itself not excessively delayed. Defendants essentially ask this Court to stay the plaintiffs' case indefinitely, effectively putting the plaintiffs' day in court at the mercy of a number of different government agencies which may or may not choose to charge defendants now or in the future. Plaintiffs have an interest in timely conducting discovery, gathering evidence, and examining witnesses. They seek financial redress for their harm. If this Court were to grant the defendants' request, the plaintiffs' might have to endure a lengthy delay in receiving any financial redress that may be due to them. To grant the defendants' motion would be to effectively invalidate all those interests of the plaintiffs, burdening them and undermining fair and timely process.

The remaining factors to be considered are the similarity of the subject matter between the civil action and the (nonexistent) criminal action, as well as the effect of a stay on the public interests at stake in the litigation. The parties appear to agree that if a criminal case is eventually brought against the defendants, the subject matter of this civil action will be similar, if not identical, to the criminal action. (Doc. 58; Doc. 59.) Were an indictment to be issued and a criminal case brought, the overlap with this action would be substantial. But as no criminal action is underway, this is all beside the point. Finally, the public interest will be best served by making sure that allegedly aggrieved plaintiffs have a timely opportunity to their day in court, and to be accordingly compensated for any damages to which they may be entitled.

This Court is not indifferent to the arguments raised by the defendants in support of their motion. Fifth Amendment claims are not to be taken lightly, and defending a criminal matter while also defending an overlapping civil matter can be onerous. This is why courts retain the power in such circumstances to stay the civil action until the criminal matter is terminated. Although the Court denies the defendants' instant motion, the defendants are free to again move for a stay of these proceedings if future developments warrant.

For these reasons, the defendants' Motion for a Stay is denied.