IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. WILTGEN, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| Vs. | ) Case No. 09 cv 5352 |
| | ) |
| GREGORY WEBB, individually, and INFRAEGIS, INC., A Delaware corporation | ) Hon. Virginia M. Kendall |
| | ) |
| Defendants. | ) |

## AGREED ORDER OF DISMISSAL

THIS CAUSE COMING on the Joint Motion to Dismiss pursuant to a Tolling Agreement, due notice having been served and the Court being fully advised in the premises,

IT IS HEREBY ORDERED that all claims of Plaintiffs, JOHN R. WILTGEN, JAMES MERCIER, JEFFREY MEYER, JOHN HOBAN SR., JOHN HOBAN JR. and KAREN S. CRANE (collectively "Plaintiffs") against Defendant GREGORY WEBB, individually, and INFRAEGIS, INC., A Delaware corporation are dismissed without prejudice subject to the Tolling Agreement signed by all parties dated September 17, 2012, a copy of which has been filed with the Court.

ENTER: Sept 17, 2012

Judge

## TOLLING AGREEMENT

This Tolling Agreement is made and effective as of August 22, 2012, by and between JOHN R. WILTGEN, JAMES MERCIER, KAREN S. CRANE, JEFFREY MEYER, JOHN HOBAN SR., and JOHN HOBAN JR., on the one hand and GREGORY WEBB and INFRAEGIS, INC., on the other hand (collectively the "Parties").

Whereas, JOHN R. WILTGEN, JAMES MERCIER, JEFFREY MEYER, JOHN HOBAN SR., and JOHN HOBAN JR. ("Plaintiffs") filed a lawsuit against GREGORY WEBB and INFRAEGIS, INC. ("Defendants") in the United States District Court for the Northern District of Illinois under case number 09-cv-5352 pending before the Honorable Virginia M. Kendall;

Whereas, the Defendants moved to stay the litigation due in part to related litigation instituted by the United States Securities and Exchange Commission, which motion the court granted;

Whereas, the Plaintiffs intend to voluntarily dismiss their lawsuit to avoid incurring additional costs and fees in the litigation and await the resolution of the related SEC litigation, the dismissal being subject to the execution of this Tolling Agreement; and

Whereas, and without admitting any liability, the Parties desire to toll all applicable statute of limitations and defenses based upon the passage of time and suspend any applicable period of prescription for the Tolling Period as defined below.

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, the Parties hereby agree as follows:

1. The time period extending from August 22, 2012, until the date this Tolling Agreement expires in accordance with its terms (the "Tolling Period") shall not be counted in determining the time in which the Plaintiffs shall be required by any applicable statute of limitations, period of prescription, statute of repose, laches, or other time-based defenses, to file claims or actions against Defendants with respect to any claim Plaintiffs may now have or in the future may have arising from or in any way related to the allegations set forth in the Plaintiffs' complaint filed in the litigation.

2. This Agreement shall remain in force and be effective until the earlier of August 15, 2014, or until sixty (60) days after any party hereto provides written notice of withdrawal from this Tolling Agreement. Plaintiffs, and their heirs and successors, shall not commence any litigation against Defendants relating to the claims made in the litigation prior to the termination of this Tolling Agreement. In the event that Plaintiffs commence a civil action against Defendants relating to the claims made in the litigation after the Tolling Agreement terminates, Defendants agree that they will not plead, argue, or otherwise assert that any of the time during which this Tolling Agreement was in effect should be included in the calculation of any time

limit or limitation period including but not limited to any limits imposed by federal or state law or by contract that might otherwise be applicable to such civil action.

3. Plaintiffs agree to voluntarily dismiss their lawsuit against Defendants on or before September 12, 2012.

4. Notice under this Tolling Agreement shall be in writing and shall be deemed duly delivered upon personal delivery, or as of three (3) business days after depositing in the United States Mail, return receipt requested, or as of the first business day after depositing such notice with FedEx or UPS for overnight delivery, expenses prepaid, addressed as follows:

> For Plaintiffs:  Saul R. Wexler
> Grumley, Kamin, Wexler and Rosic, LLC
> Three First National Plaza, Suite 2100
> Chicago, IL 60602
>
> For Defendants: Eugene E. Murphy, Jr.
> Murphy & Hourihane, L.L.C.
> 161 N. Clark, Suite 2550
> Chicago, IL 60601

5. This Tolling Agreement shall be construed as jointly drafted and shall not be construed in any way against any party on the grounds that the party was the drafter of this Agreement.

6. By entering into this Tolling Agreement, none of the Parties hereto makes any representations and admissions with regard to the date or dates when any applicable limitations or time-related period may expire or may have expired.

7. The Parties have entered into this Tolling Agreement without admitting or intending to admit any fault, wrongdoing, or liability of any kind whatsoever, and none of the Parties hereto shall contend in any action that this Tolling Agreement is admissible or relevant as evidence of liability or fault, or an admission of liability or fault, on the part of any other party hereto.

8. The recitals are hereby incorporated into the Tolling Agreement by reference.

9. This Agreement shall be governed by and construed under the laws of the State of Illinois.

10. This Agreement may be executed in counterpart originals, each of which shall be deemed to be an original by all parties signatory to the counterpart.

IN WITNESS WHEREOF, the Parties hereto have executed this Tolling Agreement effective as of the date first above written.

*[signature: John F. Wiltgen Jr.]*

_____
JOHN R. WILTGEN


_____
JAMES MERCIER


_____
JEFFREY MEYER


_____
JOHN HOBAN SR.


_____
JOHN HOBAN JR.


_____
GREGORY WEBB


_____
INFRAEGIS, INC.
By: Its President

Page 3 of 3

IN WITNESS WHEREOF, the Parties hereto have executed this Tolling Agreement effective as of the date first above written.

_____
JOHN R. WILTGEN

_____
JAMES MERCIER

_____
KAREN S. CRANE

_____
JEFFREY MEYER

_____
JOHN HOBAN SR.

_____
JOHN HOBAN JR.

_____
GREGORY WEBB

_____
INFRAEGIS, INC.
By: Its President

IN WITNESS WHEREOF, the Parties hereto have executed this Tolling Agreement effective as of the date first above written.

_____
JOHN R. WILTGEN


_____
JAMES MERCIER


*Karen S. Crane* (signature)
_____
KAREN S. CRANE


_____
JEFFREY MEYER


_____
JOHN HOBAN SR.


_____
JOHN HOBAN JR.


_____
GREGORY WEBB


_____
INFRAEGIS, INC.
By: Its President

deemed to be an original by all parties signatory to the counterpart.

IN WITNESS WHEREOF, the Parties hereto have executed this Tolling Agreement effective as of the date first above written.

_____
JOHN R. WILTGEN

_____
JAMES MERCIER

_____
KAREN S. CRANE

_____
JEFFREY MEYER

_____
JOHN HOBAN SR.

_____
JOHN HOBAN JR.

_____
GREGORY WEBB

_____
INFRAEGIS, INC.

IN WITNESS WHEREOF, the Parties hereto have executed this Tolling Agreement effective as of the date first above written.


_____
JOHN R. WILTGEN


_____
JAMES MERCIER


_____
KAREN S. CRANE


_____
JEFFREY MEYER


_____/s/ John Hoban_____
JOHN HOBAN SR.


_____/s/ John Hoban Jr._____
JOHN HOBAN JR.


_____
GREGORY WEBB


_____
INFRAEGIS, INC.

Page 4 of 5

IN WITNESS WHEREOF, the Parties hereto have executed this Tolling Agreement effective as of the date first above written.

_____
JOHN R. WILTGEN


_____
JAMES MERCIER


_____
KAREN S. CRANE


_____
JEFFREY MEYER


_____
JOHN HOBAN SR.


_____
JOHN HOBAN JR.

*/s/ Gregory E. Webb/*
_____
GREGORY E. WEBB, Sr.

*/s/ Gregory E. Webb/*
_____
INFRAEGIS, INC.
By: Its President

Page 3 of 3